IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-177 |
| | ) | |
| MARK HAZELWOOD, | ) | |
| SCOTT WOMBOLD, | ) | |
| JOHN FREEMAN, | ) | |
| VICKI BORDEN, | ) | |
| JOHN SPIEWAK, | ) | |
| HEATHER JONES, | ) | (THAPAR / GUYTON) |
| KATY BIBEE, and | ) | |
| KAREN MANN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 8, 2015, for a scheduled status conference and motion hearing on the unopposed Motion to Declare the Case Complex and to Continue Trial Date [Doc. 50] and the United States' Motion for Agreed Protective Order Pursuant to Federal Rule of Criminal Procedure 16(d)(1) [Doc. 59]. Assistant United States Attorneys David P. Lewen and F. M. Hamilton, III, appeared on behalf of the Government. Attorney Anthony Douglas Drumheller represented Defendant Hazelwood. Attorneys Eli Richardson and John E. Kelly appeared for Defendant Wombold. Attorneys Roger W. Dickson and Zachary H. Greene represented Defendant Freeman. Attorneys Joseph E. Costner and Sarah Bean Smith appeared on behalf of Defendant Vicki Borden. Attorney James

P. Fleisher and Michael A. Rieman represented Defendant Spiewak. Attorney Richard Lewis Tennent appeared for Defendant Bibee. Attorneys Benjamin J. Vernia and Cullen Michael Wojcik represented Defendant Jones, and Attorney Jonathan D. Cooper appeared on behalf of Defendant Mann.

The Defendants move the Court to continue the April 11, 2016 trial date and to declare this case to be complex for purposes of the Speedy Trial Act. They also contend that a lengthy trial continuance would be in the interest of justice due to the scope and complexity of the charges, the number of defendants, and the number of alleged victims. The Defendants also state that based upon the Government's representations, the discovery in this case is voluminous and includes five terabytes of electronically stored information (ESI), over 200 hours of recorded conversations, over 300 gigabytes of material produced by Pilot Travel Centers pursuant to a Criminal Enforcement Agreement, and voluminous grand jury materials. The Defendants state that they can review this discovery upon the entry of a protective order and that the Government intends to produce a copy of discovery for each Defendant by April 8, 2016. The Defendants contend that review of the discovery will take months and require sophisticated document management programs and tools. The motion states that the Government does not oppose the requested continuance or complex designation. The parties provided the Court with a proposed schedule for the case and requested a trial date of October 24, 2017.

At the hearing, Attorney Drumheller stated that the parties had spent a great deal of time preparing the proposed schedule, which reflects their best effort at setting a workable schedule in this case. He stated that the Defendants are unanimous in requesting a new trial date and in their support of the proposed schedule. All defense counsel agreed with these statements. AUSA Hamilton confirmed that the Government did not oppose the motion and joined in the

2

Case 3:16-cr-00020-ART-HBG   Document 69   Filed 03/10/16   Page 2 of 8   PageID #: 265

proposed schedule. The Court observed that each of the Defendants have waived [Docs. 51-57, 65] his or her right to a speedy trial and have agreed with the need for a trial continuance to allow defense counsel to prepare his or her defense.

The Court finds the Defendants' joint motion to continue the trial to be unopposed and well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the eight Defendants are charged [Doc. 3] in a fifty-eight page Indictment, with conspiring to commit mail and wire fraud and with substantive wire fraud charges, in relation to the pricing and discounting of diesel fuel over a five-year period. Additionally, Defendant Hazelwood is charged with witness tampering, and Defendant Wombold is charged with making false statements. According to the Defendants' motion and the Government's disclosures pursuant to Federal Rule of Criminal Procedure 12.4, the number of alleged victims in this case exceeds 300 trucking companies, which are located across the United States. Moreover, discovery in this case is voluminous, exceeding five terabytes of information and over 200 hours of recorded conversations.[1] While discovery is available now for defense counsel to review, the Government intends to distribute copies of discovery to defense counsel by April 8, 2016, which is three days before the current trial date. Defense counsel state that the review of this discovery will take months. To require counsel to proceed to trial without the opportunity to review the discovery would be a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). The Court finds that a complete review of discovery cannot occur prior to the April 11 trial date. Accordingly,

---

[1] The Court notes that the Government provided sealed exhibits relating the types of discovery in this case.

without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also agrees that this case is complex for purposes of the Speedy Trial Act. The case involves eight defendants and over 300 alleged victims located across the country. The Indictment alleges a conspiracy purported to have occurred over five years. The discovery in this case is voluminous, as discussed above. Thus, due to the number of defendants and victims and the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds that this case should be designated as "complex" for speedy trial purposes.

The Defendants' joint motion to continue the trial [**Doc. 50**] is **GRANTED**, and the trial is reset to **October 24, 2017**. The Defendants' request to declare the case complex for speedy trial purposes is unopposed and is also **GRANTED**. The Court also finds that all the time between the filing of the motion on March 4, 2016, and the new trial date of October 24, 2017, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B).

With regard to additional scheduling in this case, the Court approved the following schedule, requested by the parties: The Government's deadline for disclosing discovery pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A)-(F) is **April 8, 2016**. The parties are to appear before the undersigned for a status conference on **August 16, 2016, at 9:30 a.m.** The deadline for filing pretrial motions pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A), (B), and (D) is **September 30, 2016**. Responses to these motions are due on or

4

before **November 20, 2016.** The parties are to appear before the undersigned for a motion hearing on all motions filed to date and a status conference on **December 16, 2016, at 9:30 a.m.**

Beginning on **January 9, 2017**, the Government will begin "rolling" production and/or identification of exhibits it intends to introduce in its case-in-chief, evidence of other acts of fraud admissible under Federal Rule of Evidence 404(b), and memoranda from agency interviews. The deadline for any pretrial motions pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C) and (E) is **February 8, 2017**. Responses to these motions are due on or before **March 10, 2017**. The parties are to appear before the undersigned for a motion hearing on all motions filed to date and a status conference on **March 24, 2017, at 9:30 a.m.**

The Government shall disclose its experts pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) on or before **March 31, 2017**. The Defendants shall disclose their experts pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C) on or before **April 21, 2017**. The deadline for any motions relating to experts is **May 12, 2017**. Responses to these motions are due on or before **May 26, 2017**. The parties are to appear before the undersigned for a motion hearing on all motions relating to experts and for a status conference on **June 9, 2017, at 9:30 a.m.**

The Government's deadline for producing and/or identifying (1) exhibits to be used in its case-in-chief, (2) Rule 404(b)-type evidence, and (3) Jencks Act materials or agency interview memoranda for the Government's witnesses in its case-in-chief is **June 16, 2017**. This date is also the deadline for the Government to request stipulations. The plea cut-off deadline in this case is **June 23, 2017**. The deadline for the Defendants to produce and/or identify case-in-chief trial exhibits and to request stipulations is **July 14, 2017**. **July 27, 2017** is the deadline for the parties to sign written stipulations.

5

The deadline for filing motions *in limine* and for the submission of proposed jury instructions to the District Judge is **August 4, 2017**. Special requests for jury instructions shall be shall be supported by citations to authority pursuant to Local Rule 7.4. Responses to motions *in limine* and proposed jury instructions are due on or before **September 1, 2017**. A hearing for motions *in limine* and proposed jury instructions is scheduled before District Judge Thapar on **September 15, 2017, at 9:30 a.m.** The parties shall appear for a final pretrial conference before the undersigned on **October 3, 2017, at 9:30 a.m.**

Finally, the Court turns to the United States' Motion for Agreed Protective Order Pursuant to Federal Rule of Criminal Procedure 16(d)(1). The parties ask the Court to enter the agreed proposed protective order [Doc. 59-1] in order to protect the Government's ongoing investigation and law enforcement techniques, the confidentiality of grand jury proceedings, the privacy of uncharged persons, the privacy of charged individuals with regard to immaterial matters, the promotion of broad discovery in complex criminal cases, and Pilot's proprietary interests. Additionally, they contend that the agreed protective order will relieve the Government from making decisions regarding redaction of sensitive information within terabytes of electronic documents, a duty that would inevitably lengthen the time necessary to disclose discovery. Federal Rule of Criminal Procedure 16(d)(1) permits the Court to restrict the disclosure of discovery or to grant other appropriate relief for good cause shown. In the instant case, the Court finds that the parties have shown good cause for the entry of the agreed protective order. At the March 8 hearing, the parties confirmed their agreement with the entry of the proposed protective order. Accordingly, United States' Motion for Agreed Protective Order Pursuant to Federal Rule of Criminal Procedure 16(d)(1) [**Doc. 59**] is **GRANTED**. The Clerk of Court is **DIRECTED** to file the Agreed Protective Order [**Doc. 59-1**] in the record.

Accordingly, it is **ORDERED**:

(1) The Defendants Unopposed Motion to Declare the Case Complex and to Continue Trial Date [**Doc. 50**] is **GRANTED**;

(2) The Court finds this case to be complex for purposes of the Speedy Trial Act;

(3) The trial of this matter is reset to commence on **October 24, 2017**, **at 9:30 a.m.**, before the Honorable Amul R. Thapar, United States District Judge;

(4) All time between the filing of the motion on **March 4, 2016**, and the new trial date of **October 24, 2017**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The Government's deadline for disclosing discovery is **April 8, 2016**; for beginning production or identification of trial materials listed above is **January 9, 2017**; and for concluding production or identification of trial materials listed above is **June 16, 2017**. **June 16, 2017** is also the Government's deadline for requesting stipulations;

(6) The Defendants' deadline for producing or identifying the trial materials listed above and for requesting stipulations is **July 14, 2017**;

(7) The parties are to appear before the undersigned for a status conference on **August 16, 2016, at 9:30 a.m.**;

(8) The deadline for filing pretrial motions pursuant to Rule 12(b)(3)(A), (B), and (D) is **September 30, 2016**. Responses to these motions are due on **November 20, 2016**. The parties are to appear before the undersigned for a hearing on these motions and a status conference on **December 16, 2016, at 9:30 a.m.**;

(9) The deadline for filing pretrial motions pursuant to Rule 12(b)(3)(C) and (E) is **February 8, 2017**. Responses to these motions are due on **March 10, 2017**. The parties are to appear before the undersigned for a hearing on these motions and a status conference on **March 24, 2017, at 9:30 a.m.**;

(10) The Government's expert disclosures are due on **March 31, 2017**. The Defendants' deadline for disclosing experts is **April 21, 2017**. Any motions relating to experts are due on or before **May**

7

**12, 2017**.  Responses to these motions are due on **May 26, 2017**. The parties are to appear before the undersigned for a hearing on all expert related motions and a status conference on **June 9, 2017, at 9:30 a.m.**;

(11) The plea cut-off deadline is **June 23, 2017**;

(12) The deadline for the parties to sign written stipulations is **July 27, 2017**;

(13) Motions *in limine* and special requests for jury instructions with appropriate citations shall be submitted to the District Court by **August 4, 2017**.  Responses to these motions and requests are due on **September 1, 2017**.  The parties are to appear before District Judge Thapar for a hearing on motions *in limine* and proposed jury instructions on **September 15, 2017, at 9:30 a.m.**;

(14) The Court has set a final pretrial conference on **October 3, 2017, at 9:30 a.m.**; and

(15) The United States' Motion for Agreed Protective Order Pursuant to Federal Rule of Criminal Procedure 16(d)(1) [**Doc. 59**] is **GRANTED**.  The Clerk of Court is **DIRECTED** to file the Agreed Protective Order [**Doc. 59-1**] in the record.

**IT IS SO ORDERED.**

                ENTER:

                */s/ Bruce Guyton*
                United States Magistrate Judge